Ingraham, P. J.
The principal question in this case is whether the courts of this State have jurisdiction over a foreign corporation so as to compel a distribution of the assets among the stockholders, even where the trustees are resident in this State.
There is no doubt of the right of a court of equity to interfere by way of injunction or a receivership, to prevent a fraud upon the company or the stockholders, or to aid a receiver duly appointed by the courts of the State where the corporation had its origin, in obtaining possession of the property for the use of the company.
But where no fraud is made out, and where the directors are discharging their duties in preparing to wind up the company, in the mode directed by its stockholders, and not in violation of the laws of the State that created it, I do not think this court has any jurisdiction over the corporation that would authorize a judgment directing a division of its assets, either in whole or in part, among its stockholders. Where a citizen of this State is a creditor, and such jurisdiction is necessary for the collection of the debt due him, the court may enjoin any property of such corporation and apply it to the payment of such claim, but that is not this case. This is merely the case of a stockholder who seeks to obtain a distribution among the stockholders of a part of the funds of a foreign corporation.
I had occasion to examine this question to some extent in Howell v. Chicago & N. Western Railway Co. (51 Barb., 378), and therein expressed my opinion upon this question of jurisdiction, as proposed in that *334 case, to restrain the making a dividend, where no fraud or illegality was shown, and came to the conclusion that in . the absence of such proof of fraud, where the party has an ample remedy in the State where the corporation has a legal existence, the courts here should decline to exercise in such case any equitable jurisdiction. In Merrick v. Van Santvoord (34 N. Y., 208), the right of a court of this State to interfere with the franchise of a foreign corporation was denied, and the same conclusion was adopted in 4 Johns. Ch., 371, as to a misuser of the powers of a foreign corporation.
To attempt, by a judgment of this court, to compel a foreign corporation to distribute its assets among stockholders, because some of the directors were resident here, or because some of the funds were within the jurisdiction of the court, would be assuming a power which the court ought not to exercise, and rendering a judgment which could not be enforced against the company in the place of its existence.
By the resolutions adopted by its stockholders the directors were ordered to convert all the property into money, and to pay the debts before making any dividend.
The object of the plaintiff is to cause such dividend to be made, in part, before the conditions required by the stockholders are fulfilled. It may be that the courts of Connecticut may make such order; but as it appears by the affidavits of Mr. Perkins, no such partial dividend has been ordered there in any case previous to the present.
Upon the merits, I am of the opinion, that the only ground on which the plaintiff rests his case is fully denied, viz : that the fund here is in danger, from the supposition that it is used by the bankers with whom it has been deposited, for the purposes of the individual directors. The affidavits on the part of the defendants show that the funds have not been so used; that they *335 are not used for any speculations in stock, but are deposited in the usual course of business with the bankers who have heretofore transacted the business of the company, and who had from time to time advanced large sums of money to the corporation for years past. It is also shown that the house with whom the money is deposited is amply responsible in a much larger sum than is now in question.
I concur with Justice Barrett in his opinion, delivered in the former action, that there is nothing in these papers to warrant the appointment of a receiver.
I think, therefore, the motion must be denied.